Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL LIGHTING CORPORATION, an Indiana Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MURPHY SAFETY SWITCH OF CALIFORNIA, d/b/a "MurCal, Inc.," a California Corporation; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br><u>Jury Trial Demanded</u> |

Plaintiff International Lighting Corporation ("Interlight"), through counsel, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred in this judicial district.

COMPLAINT

## PARTIES

4.      Plaintiff Interlight is an Indiana corporation.

5.      Interlight carries one of the largest inventories of specialty lightbulbs and batteries available. By maintaining one of the largest inventories in the world, Interlight leverages technology to create a one-stop-shop for all its customers' lighting, parts and battery needs.

6.      On information and belief, Defendant Murphy Safety Switch of California d/b/a "MurCal, Inc." is a California corporation with its principal place of business located at 41343 12th Street, West Palmdale, CA 93551.

7.      MurCal owns, operates, and/or controls the commercial website murcal.com and its related/affiliated content delivery network and image hosting server (collectively, "Defendants' Website").

8.      On information and belief, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement – Against All Defendants, and Each)

9.      For 20 years, Interlight had a print catalog. As modern technologies emerged, its catalog is now on its website interlightus.com. As part of its business and catalog, Interlight has created original photographs for the professional display of the products it sells on its website. This is important because, while many of the manufacturers of those products offer promotional photographs of their products, those photographs are often incohesive or low-quality—e.g., shot with/from different angles, backgrounds, lighting, etc. By creating high-quality product photographs,

Interlight has created immense value for itself and its customers. Interlight's website displays its original photographs used to promote the sale of specialty lightbulb and battery products, and maintaining exclusivity of use of those high-quality proprietary photographs for only Interlight is crucial to its business.

10.     Interlight owns an original photograph registered with the Copyright Office (the "Subject Photograph").

11.     Following the publication and display of the Subject Photograph, Defendants (and each of them) displayed, distributed, reproduced, and/or otherwise used the Subject Photograph on Defendants' Website for commercial purposes without Interlight's authorization (the "Accused Posts"):

| Subject Photographs | Accused Posts |
|---|---|
|  | https://www.murcal.com/murcal-item-images/00000924_01.jpg?resizeh=600&resizeid=3&resizew=600 |
| | https://www.murcal.com/Bulb-Lamp-28V-00000924-SPECIAL-ORDER-ITEM |

12. Defendants, and each of them, had access to the Subject Photograph, including through Plaintiff's website; through an Internet search engine and/or third-party website; and/or because the Accused Post is a verbatim copy of, and thus strikingly similar to, the Subject Photograph.

13. Defendants, and each of them, displayed, distributed, reproduced, and/or otherwise used the Subject Photograph for commercial purposes without Plaintiff's authorization.

14. Due to Defendants' (and each of their) acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

15. Due to Defendants' (and each of their) acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement. This entitles Plaintiff to disgorgement of Defendants' profits attributable to Defendants' infringement in an amount to be established at trial.

16. Upon information and belief, Plaintiff alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of, or with reckless disregard or willful blindness for, Plaintiff's rights, such that said acts of copyright infringement were willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

    a. That Defendants, their agents, and/or anyone else working with or in concert with Defendants, be enjoined from publicly distributing, displaying, reproducing, or otherwise exploiting the Subject Photograph without Plaintiff's permission absent some independent legal right;

    b. That Plaintiff be awarded Defendants' profits, plus Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be proven at

COMPLAINT

the time of trial; or, if elected, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded its costs and fees under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded such relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: August 11, 2026          DONIGER / BURROUGHS

By:   */s/ Stephen M. Doniger*
      Stephen M. Doniger, Esq.
      Benjamin F. Tookey, Esq.
      *Attorneys for Plaintiff*